UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-86 |
| | ) | |
| JPMORGAN CHASE BANK, N.A. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
DEC 0 1 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

S+

<u>MEMORANUM ORDER</u>
December _l_, 2015 [#3, #4]

Plaintiff Gregory Walsh brings this action against defendants, JPMorgan Chase Bank, N.A. ("JPMorgan"), BWW Law Group, LLC, Wells Fargo Bank, N.A., Bank of New York Mellon, and Does 1 through 15 (collectively "defendants"), seeking to halt the foreclosures of two of his properties.  This case is before the Court on JPMorgan's Motion to Dismiss [Dkt. #3] and Motion for Injunctive Relief [Dkt. #4].  Because plaintiff's claims are barred by the doctrine of claim preclusion, sometimes referred to as res judicata, I will GRANT defendant JPMorgan's motion to dismiss and dismiss the complaint as to all defendants.[1]  However, for the reasons set forth below, I will DENY defendant JPMorgan's motion for injunctive relief.

---

[1] Although BWW Law Group, LLC, Wells Fargo Bank, N.A., and Bank of New York Mellon have not yet responded to the complaint, I will dismiss the complaint as to those defendants pursuant to the Court's authority *sua sponte* to screen *pro se* complaints, 28 U.S.C. § 1915(e)(2),

In a sprawling seventy-two page complaint, plaintiff alleges that defendants "have deliberately and with malice raced at break neck speed towards foreclosure and eviction" of plaintiffs from two separate properties: one located at 12357 Penzance Lane, Bristow, Virginia (the "Penzance Property") and one located at 3049 Cahill Lane, Dumfries, Virginia (the "Cahill Property"). Compl. ¶¶ 1, 6. Although plaintiff's complaint is far from a clear, he is apparently attempting to halt these foreclosures based on allegations that defendants (1) violated two sections of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, by "us[ing] false and misleading statements and methods to assign the deeds of trusts for both properties," Compl. ¶¶ 66-72; (2) violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(G), through various fraudulent actions related to mortgage-backed securities, Compl. ¶¶ 73-103; and (3) violated the consent judgment entered in *United States v. Bank of America Corporation*, No. 12-cv-0361-RMC, ECF Nos. 10, 14 (D.D.C. April 4, 2012) ("consent judgment"), Compl. ¶¶ 104-09. This case, however, is not plaintiff's first foray in this District. On May 6, 2014, plaintiff filed a civil action against these *same defendants* essentially challenging the *same alleged conduct*. See *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256 (D.D.C. 2014).² In the prior case, plaintiff attempted to invalidate the

---

and to apply the doctrine of claim preclusion, *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997).

² In fact, plaintiff's efforts to prevent foreclosure on the Penzance and Cahill properties began well before his first case in this District. In October 2012, he filed a complaint and emergency motion for temporary restraining order against defendants JPMorgan and Wells Fargo, among others, in the Circuit Court for Prince William County, seeking to avoid foreclosure on the Penzance Property. *See* Def.'s Mot. for Injunctive Relief Exs. ("Def.'s Exs.") 1, 2 [Dkts. #4-3, #4-4]. In that case plaintiff alleged various procedural defects with the foreclosure and alleged that defendants "cannot show proper receipt, possession, transfer, negotiations, assignment and

foreclosures on the Penzance and Cahill properties based on alleged violations of the False Claims Act, the same consent judgment, and various other constitutional, statutory, and common law rights. My colleague, Judge Amy Berman Jackson, dismissed plaintiff's complaint in its entirety, concluding plaintiff failed to satisfy the basic procedural and pleading requirements of the False Claims Act, lacked standing to enforce the consent judgment, and failed to state virtually any facts that would support his other statutory, constitutional, and common law allegations. *Id.* at 262. Unfortunately for plaintiff, while he may be entitled to have "his day in court" on his claims, he is not entitled to have it twice. The doctrine of claim preclusion bars him from re-litigating the same claims brought and decided on the merits by Judge Jackson.

The jurisprudential doctrine of claim preclusion provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). In other words, parties "may not relitigate any ground for relief which they already have had an opportunity to litigate—even if they chose not to exploit that opportunity" in the prior suit. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). The purpose of claim preclusion is to promote the finality of judicial judgments, to foster reliance on judicial decisions, to conserve judicial resources, and to spare adversaries the vexation and expense of

---

ownership of the borrower's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims." Def.'s Ex. 1 at ¶ 4. In February 2013, plaintiff filed a similar complaint seeking to avoid foreclosure on the Cahill Property. Def.'s Ex. 3 at ¶¶ 13, 54 [Dkt. #4-5]. The Circuit Court for Prince William County ultimately dismissed both complaints. Def.'s Exs. 6, 7 [Dkts. #4-8, #4-9].

3

redundant litigation. *See Montana*, 440 U.S. at 153-54. Accordingly, claim preclusion bars a lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Notably, an action based on the same nucleus of facts as that of a prior action is said to share the same cause of action even if the latter action is predicated on a different legal theory. *See Page*, 729 F.2d at 820. Claim preclusion does not, however, bar "a plaintiff from later bringing claims that either could not have been anticipated when the first suit was filed or would have been utterly impracticable to join at that time." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 n.21 (D.C. Cir. 1985).

    Here, it is readily evident that the parties to the suit before Judge Jackson are the same parties to the suit now before this Court. Further, it is beyond dispute that the same nucleus of facts giving rise to the prior suit also gave rise to this suit—indeed, the statement of the case in the two complaints is nearly verbatim. Finally, it is equally clear that Judge Jackson had jurisdiction to, and did, render a final judgment on the merits in the prior suit. Specifically, my colleague concluded that, with respect to plaintiff's claim pursuant to the consent judgment, plaintiff lacked standing *as a matter of law* to enforce that judgment. *See Walsh*, 75 F. Supp. 3d at 262. As to plaintiff's invocation of the False Claims Act, Judge Jackson concluded, also *as a matter of law*, that plaintiff was barred from bringing those claims *pro se* and had otherwise not met the procedural requirements for those claims. *Id.* at 262-63. Plaintiff's new legal theory in the instant case—that

4

defendants' violated the FDCPA—is likewise barred because plaintiff cannot avoid application of claim preclusion by simply stating the same factual claims under a different legal theory. *See Page*, 729 F.2d at 820.

In addition to moving this Court to dismiss plaintiff's complaint, defendant JPMorgan requests that this Court enter an order enjoining plaintiffs from filing any further actions against it unless plaintiffs seek, and are granted, leave to file from this Court. *See generally* Def.'s Mot. for Injunctive Relief. While it is true that Courts may "employ injunctive remedies"—such as filing restrictions—"to protect the integrity of courts and the orderly and expeditious administration of justice," *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985), our Circuit has held that "such injunctions should remain very much the exception to the general rule of free access to the courts, and the use of such measures against a *pro se* plaintiff should be approached with particular caution." *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (internal quotation marks omitted). Nevertheless, if a litigant "continues to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits, 'a court may employ injunctive remedies.'" *Caldwell v. Obama*, 6 F. Supp. 3d 31, 49 (D.D.C. 2013) (quoting *Urban*, 768 F.2d at 1500).

It is incumbent upon this Court, then, "to make substantive findings as to the frivolous or harassing nature" of plaintiff's actions. *In re Powell*, 851 F.2d at 431. The principle concern with plaintiff's action is its repetitive nature. As outlined above, plaintiff has brought at least three previous actions involving the Penzance and Cahill properties. Additionally, plaintiff has filed at least seven other actions in various courts

regarding other properties, most of which have already been dismissed.[3] Nevertheless, repetitive filings alone are generally insufficient to warrant the extraordinary remedy of a pre-filing injunction. *See id.* (cautioning courts "not to conclude that particular types of actions filed repetitiously . . . in and of themselves warrant a finding of harassment," but rather to consider "both the number and content of the filings as indicia of frivolousness and harassment").

As to the substance of plaintiff's claims, I find that they do not rise to the level of impropriety required for a conclusion that they are "frivolous or harassing" in nature. *Cf. Walsh v. Comey,* Civ. No. 15-348 (JEB), 2015 WL 4254395, at *1-2 (D.D.C. July 13, 2015) (considering pre-filing injunction against plaintiff who alleged "a fantastical farrago of facts stemming from a purported decades-long government conspiracy" that "cross[ed] the boundaries of imagination into another dimension."); *Davis v. United States,* 569 F. Supp. 2d 91, 98-99 (D.D.C. 2008) (entering pre-filing injunction against plaintiffs who repeatedly filed complaints asking the court to find the Internal Revenue Code and the Internal Revenue Service unconstitutional). Indeed, plaintiff's prior suit in this District was dismissed on the merits of the substantive claims. *See generally Walsh,* 75 F. Supp. 3d 256. Nevertheless, although I am denying defendant's motion for

---

[3] *See Walsh v. One West Bank, FSB,* No. 13-cv-1094 (E.D. Va. Mar. 10, 2014) (order granting motion to dismiss); *Walsh v. Specialized Loan Servicing, LLC,* No. 13-cv-986 (E.D. Va. Oct. 11, 2013) (same); *Walsh v. NationStar Mortg., LLC,* No. 13-cv-608 (E.D. Va. Sep. 18, 2013) (same); *Walsh v. Bank of America, N.A.,* No. 11-cv-1168 (E.D. Va. Apr. 26, 2012) (same); *see also Walsh v. Bank of America,* No. 15-cv-21 (D.D.C. Jun. 29, 2015) (memorandum opinion and order dismissing all but one claim); Complaint, *Walsh v. Bank of New York Mellon,* No. 15-cv-934 (D. Md. Apr. 1, 2015) (motion to dismiss pending); *Walsh v. Bank of America Corp.,* No. 12-cv-3149 (D. Md. Jan. 11, 2013) (order dismissing case for failure to comply with Court's orders).

injunctive relief, plaintiff is duly warned that if he continues his current filing pattern, he will likely be deserving of a pre-filing injunction in the very near future.

Thus, for the foregoing reasons, it is hereby

**ORDERED** that defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [Dkt. #3] is **GRANTED** and that the complaint as to defendant JPMorgan Chase Bank, N.A. is **DISMISSED**; it is further

**ORDERED** that the complaint in this case is **DISMISSED** *sua sponte* as to all other defendants as barred by the doctrine of claim preclusion; and it is further

**ORDERED** that defendant JPMorgan Chase Bank, N.A.'s Motion for Injunctive Relief [Dkt. #4] is **DENIED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge